# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO PINA,<br><br>            Petitioner,<br><br>    v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>            Respondent. | Case No. 1:23-cv-1646-EPG-HC<br><br>ORDER DIRECTING RESPONDENT TO FILE COPY OF PETITIONER'S PURPORTED FINAL ORDER OF REMOVAL |

Petitioner Domingo Pina is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a Federal Bureau of Prisons' policy of refusing to allow prisoners with immigration detainers to earn and/or apply First Step Act ("FSA") time credits ("ETCs"). (ECF No. 1.)

Respondent has moved to dismiss the petition, arguing, *inter alia*, that "Petitioner is jurisdictionally and statutorily barred from FSA ETC sentence-offsets due to the final order of removal from another federal court." (ECF No. 8 at 3.[1]) In a declaration in support of the motion to dismiss, a Paralegal Specialist declares that based on her review of a Department of Homeland Security Immigration Detainer – Notice of Action, "deportation or removal from the United States has been ordered based on a final order of removal against the Petitioner." (ECF No. 8-1

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

at 3–4.) However, the attached copy of the Department of Homeland Security Immigration Detainer – Notice of Action indicates that an "[i]nvestigation has been initiated to determine whether this person is subject to removal from the United States." (ECF No. 8-1 at 12.) Further, Respondent has not provided the Court with a copy of the purported final order of removal itself.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of the date of this order, Respondent SHALL FILE a copy of Petitioner's purported final order of removal. See Rule 7(a), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") ("If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition.").[2]

2. Within fourteen (14) days of the filing of the copy of the final order of removal, Petitioner may file a response. See Habeas Rule 7(c) ("The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.").

IT IS SO ORDERED.

Dated: **July 10, 2024**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. See Habeas Rule 1(b).

2